# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00183-FDW

| | |
|---|---|
| DAMON M. MOBLEY, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| HENDERSON COUNTY SHERIFF'S DEPARTMENT, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1], see 28 U.S.C. §§ 1915(e)(2) and 1915A, and **Plaintiff's Application to Proceed in Forma Pauperis [Doc. 2].**

**I.    BACKGROUND**

Pro se Plaintiff Damon M. Mobley ("Plaintiff") has filed suit under 42 U.S.C. § 1983 against the followings Defendants: (1) Henderson County Sheriff's Department; (2) Henderson County Detention Facility, including "Medical/Nurses Station"; (3) Officer Tankersley, identified as a courtroom bailiff; and (4) Officer Tipton, identified as "Sheriff/deputy/Officer." [Doc. 1 at 2-3]. Plaintiff, who was a pre-trial detainee at the relevant times, purports to state claims for excessive force, police brutality, assault inflicting serious injury, unlawful behavior, defamation of character, and false imprisonment. [Id. at 3]. It appears, therefore, that Plaintiff is claiming that Defendants violated his constitutional right not to be subjected to cruel and unusual punishment

under the Fourteenth Amendment to the U.S. Constitution by the use of excessive force.[1]
Plaintiff's other claims, to the extent they are recognized causes of action at all, are State law claims.

Plaintiff alleges, in pertinent part, as follows in support of his claims:

> Officer Tankersly abused his authority as a bailiff and violently attacked, hit, struck me before body slamming me on my neck while in handcuffs threw me into the wall so hard causing the handcuffs to leave dents in the wall, grabbed me around the waist in a wrestler type move and slammed me on my neck upside down causing damager to my spine. Then ordered me to "put my hands behind my back" which was not possible because I was handcuffed to the front. I told him that I couldn't because I was handcuffed to the front… And thats when he grabbed my left ring finger, and pinky finger and bent them back until they both snapped. I screamed out in pain and thats when he "came to" from whatever trance he was in at the moment. Then he helped me to my feet and asked <u>me</u> what happened?? <u>Its all on camera!</u> I told him what happened, he explained to me that he "must've blacked out" and noticed the immediate swelling in my left hand. Showed it to him, he apologized to me over and over and called the nurse's station back at the jail and asked them to check out my neck and my hand.
>
> The nurse seen how swolen my hand had become in that short period of time and asked my permission to do x-rays. I asked for xrays on my neck and spine, but was only given one on my hand, which showed that both of my fingers were in fact broken.

[Doc. 1 at 4, 7].

For injuries, Plaintiff claims he suffered two fractured fingers, swelling, and "damage to [his] already fragile spinal cord," which makes "it hard to sleep, sit, stand, bend over, lift heavy objects, etc." [Doc. 1 at 5, 7]. X-rays of Plaintiff's left hand and fingers were taken. [<u>Id.</u> at 9-10].

---

[1] Because Plaintiff was a pre-trial detainee, his excessive force claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is generally the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment).

Although Plaintiff claims he suffered two fractures, the x-ray report attached to his Complaint simply describes the same fracture in two different places on the report. [See id.].

For relief, Plaintiff seeks $7.7 million in damages. [Id.].

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma pauperis. Plaintiff's affidavit shows that he has had a total monthly income of $100.00 to $300.00 for the past twelve months, and that he expects to receive no income next month. [Doc. 2 at 1-2]. Plaintiff reports having no cash or funds in any financial institutions. [Id. at 2]. Plaintiff reports that he has three minor children who rely on him for financial support. [Id. at 3]. Plaintiff reports that he has total monthly expenses of $828.00. [Id. at 5]. Plaintiff states he cannot afford the cost of these proceedings because he is "struggling to provide" for his kids and is "always borrowing money just to survive." [Id.]. The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit

a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

As to Defendant Henderson County Sheriff's Department, the sheriff's department is not a legal entity capable of being sued. As such, the Henderson County Sheriff's Department will be dismissed.

As for Henderson County Detention Facility, a correctional institution is not a "person" subject to suit under Section 1983. See Brooks v. Pembroke Cnty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff's claims against Defendant Henderson County Detention Facility will be dismissed from this action. To the extent Plaintiff sought to state a claim against any specific medical provider at the Detention Facility for deliberate indifference to a serious medical need, he has failed to do so by his general reference to "Medical/Nurses Station." [See Doc. 1 at 2]. Further, Plaintiff names no individual healthcare providers as Defendants, nor did he include any claim related to the medical care in his list of claims. [See Doc. 1 at 3].

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As for Plaintiff's claim based on the use of excessive force, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the

4

prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff claims Defendant Tankersly used excessive force against him, which, if true, would constitute a violation of Plaintiff's Fourteenth Amendment rights under the U.S. Constitution. The Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true, the Court finds that the Plaintiff has stated a claim against Defendant Tankersly for the use of excessive force in violation of Plaintiff's Fourteenth Amendment right, as a pretrial detainee, to be free from cruel and unusual punishment. This claim, therefore, survives initial review. Plaintiff's State law claim for assault also survives initial review as to Defendant Tankersly.

As for Defendant Tipton, Plaintiff alleges in the "Epilogue" to his Complaint only that Plaintiff has recorded on his phone the use of "excessive force and cruel and unusual punishment" by Officer Tipton on July 30, 2018 on the way to jail. [Doc. 1 at 23]. Plaintiff makes no other allegations against Defendant Tipton and no other references to any incident on this date. Plaintiff, therefore, has failed to state a claim against Defendant Tipton and he will be dismissed as a Defendant in this matter.

Plaintiff's claims of police brutality, unlawful behavior, defamation of character, and false imprisonment are either meritless or not recognized causes of action in the first place. These claims, therefore, will be dismissed.

## V. CONCLUSION

In sum, Plaintiff's claims against Defendant FNU Tankersly based on excessive force and for assault survive initial review. Defendants FNU Tipton, Henderson County Sheriff's Department, and Henderson County Detention Facility will be dismissed, as will be Plaintiff's claims for police brutality, unlawful behavior, defamation of character, and false imprisonment.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Complaint [Doc. 1] survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to Defendant Tankersly in accordance with the terms of this Order. Defendants Henderson County Sheriff's Department, Henderson County Detention Facility, and FNU Tipton shall be dismissed.

(2) The Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

(3) The Clerk is directed to mail a blank summons to Plaintiff to fill out and identify Defendant FNU Tankersly for service of process, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summons from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendant FNU Tankersly.

Signed: December 18, 2019

Frank D. Whitney
Chief United States District Judge